### HAVERSTICK v. DUFFENBURGH.

**A devise to A for life, with remainder to his heirs and assigns forever, is an
estate in fee in A, under the rule in *Shelly's* case.**

**The fact, that thereby the intention of the testator is violated makes no
difference.**

**A devise of the rents and profits of the land is a devise of the land itself
out of which the rents and profits flow.**

IN a suit in partition, a sale of the premises was had, and
the purchaser refused to complete the purchase, because of a
defect in the title. Thereupon, a motion was made to compel
him to take the deed.

*E. Sandford*, for plaintiff.

*W. C. Noyes*, for the purchaser.

*Edmonds, J.:* In this case there was a devise of the legal
estate to Varian during his life, and, after his death, to his
heirs and assigns forever. This statement of the devise brings
it at once within the rule in *Shelly's* case, and gives to Varian
an estate in fee, because he takes an estate of freehold legally
under the will, and in the same instrument there is a limita-
tion, by way of a remainder, of an interest of the same legal
quality to his heirs, as a class of persons to take in succes-
sion.

There are, however, several considerations urged, why that
rule should not be applied to this case.

One is, the apparent intention of the testator that Varian should take only an estate for life, as it was well said, that in wills, even more than in deeds, courts were bound to carry out the intention.

This objection has often been urged against the rule in *Shelly's* case, and I suppose it may be truly remarked that it never operated without violating the apparent intention. Yet the answer has always been at hand, that the intention was contrary to law and was governed by the rule, that when the testator devises the legal estate he takes upon himself to order the limitation, and the rules of law will control him.

It is only when the will is in the light of a set of instructions in the form of a trust, merely for the purpose of a conveyance, to be made by the directions of chancery, that a court of equity will follow the instructions and execute the trust in conformity to the intention.

Another consideration urged on the argument was, that in the devise over, the testator used the expression, "I bequeath my said three lots," etc., thus plainly implying that he understood that he had an estate left in him, intermediate the life estate and the remainder, and that that estate was the fee which he intended should go to the heirs of his devisee as a new stock.

To that, it seems to me, there are two satisfactory answers. One, that this expresssion, "my said last mentioned three lots," was used as a description of the property devised, and not as limiting or in anywise describing the estate in them which was to pass; and the other, that to give to these words the force claimed, would, necessarily, be to hold the fee in abeyance during the life estate, and that abeyance was one of the very things which the rule in *Shelly's* case was intended to prevent.

The remaining consideration urged against the operation of the rule in this case was, that the devise to the tenant for life was not of the land itself, but of the rents, issues and profits, and that, in that respect, the case was unlike *Shelly's.*

Haverstick v. Duffenburgh.

Without stopping to inquire whether, in the long list of cases which have been governed by the rule in *Shelly's* case during the five centuries of its existence, some one might not be found containing language like this, it will be enough to refer to the rule that a devise of the rents and profits is a devise of the land out of which they issue. If the devise is of the rents and profits for life, the devisee takes the land itself for life. If it is a devise of the rents and profits in perpetuity, the devisee takes a fee in the land from which they flow.

So far as these words show the intention of the testator, they are no more expressive than the express limitation of the devise to Varian "during the term of his natural life," or the devise over "upon his decease"; and so far as the quality of the estate is concerned, they clearly give him an estate of freehold by the same instrument which gives to his heirs, as a class to take in succession, an interest of the same legal quality.

I must, therefore, hold in this case, that the devisee Varian took an estate in fee in the premises in question, and the motion must be granted.